UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT COURT
Charlotte Division

FILED
CHARLOTTE, NC
SEP 20 2013
US District Court
Western District of NC

ANITA GOFORTH,

    PLAINTIFF.

Case No. 3:13cv527 RJC

-v-

ENHANCED RECOVERY COMPANY, LLC.

    DEFENDANT.

## COMPLAINT

ANITA GOFORTH hereby sues Defendant, ENHANCED RECOVERY COMPANY (hereinafter ("ENHANCED")

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

3. Venue is proper in this District Court pursuant to 28 U.S.C. §1391b.

4. Plaintiff, ANITA GOFORTH is a natural person and is a resident of the State of North Carolina.

5. Defendant, ENHANCED RECOVERY COMPANY, LLC. is a Florida Corporation, and is authorized to do business in North Carolina.

### FACTUAL ALLEGATIONS

6. Plaintiff looked on her Equifax and Experian credit reports and saw that that Defendant, ENHANCED was reporting an unknown account to both credit reporting agencies on 01/01/2012 and 7/1/2011 respectively. **[See Exhibit A]**

7. Discovery of violation brought forth herein occurred in March of 2013 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

8. Plaintiff has not been presented with any papers communicating that she owed anything to the Defendant.

9. Only until Plaintiff's discovery of the reported item on her credit report by Defendant had she become aware of Defendant for the first time in any shape, form or fashion.

10. On **June 21, 2013**, Plaintiff sent a fax to Defendant informing them of their violation of the Fair Credit Reporting Act and asking them to provide some written verification as to why they pulled or made an inquiry into Plaintiff's credit file. **[See Exhibit B]**

11. On June 21, 2013, Plaintiff sent a fax to Defendant in an attempt to mitigate damages and settle this matter prior to filing suit.

12. Plaintiff was not able to settle this matter with Defendant prior to litigation because she received no reply from Defendant.

13. Plaintiff has never had any kind of business relationship or any accounts with the Defendant or any entity affiliated with Defendant.

14. Within that same fax to Defendant on June 21, 2013 Plaintiff asked Defendant to remove the item from her Equifax credit report as it had and is continuing to affect her credit score.

15. Plaintiff has been denied credit to purchase a car that she needs in order to do her work because of this item being reported on her credit report.

16. As Plaintiff communicated in the fax, she did not authorize Defendant or any entity affiliated with Defendant to inquire into her credit file/report and in doing so was a violation of the FCRA, 15 U.S.C. § 1681b(a)(3)(A).

17. Plaintiff does not nor has ever had an account with nor owed a debt to the Defendant which would give it a right to collect or even attempt to collect upon that would have given it a permissible purpose to obtain Plaintiff's credit report.

18. Plaintiff has never opened an account for credit that could have led to owing a debt to Defendant or any entity affiliated with Defendant.

19. Plaintiff has never applied for employment, insurance, credit or anything else from Defendant nor any entity affiliated with Defendant that would allow Defendant to claim it had a permissible purpose and its actions Plaintiff believes to be a violation of Plaintiff's privacy.

20. Defendant's actions thereby damaged Plaintiff by causing her credit score to be lowered and resulting in Plaintiff being denied the ability to purchase said automobile. **[See Exhibit C]**

21. Defendant has not provided Plaintiff with any statutory authority by which they used to report her to a credit bureau.

22. At no time has ENHANCED ever provided any valid justification, such as any statutory authority for reporting her to a credit bureau.

23. Defendant has not provided Plaintiff with any documentation with Plaintiff's name on it showing how and why they could have concluded that she owes them a debt.

24. Defendant has not sent to Plaintiff any bill of any sort that could have provided Plaintiff with the opportunity to settle an alleged debt to Defendant.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT ENHANCED, INC.

25. Paragraphs 1 through 24 are re-alleged as though fully set forth herein.

26. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

27. Equifax is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

28. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

29. The FCRA, 15 U.S.C. § 1681m sets forth the requirements for which a user of a consumer report should operate.

30. Once a user has been apprised of such adverse actions, users then have the duties to provide to the consumer an oral, written, or electronic notice of the adverse action and provide to the

consumer written or electronic disclosure. Defendants has done neither due to their nonresponse to Plaintiff.

31. Plaintiff believes Defendant's actions were adverse because Defendant knew or should have known that it had not provided Plaintiff with any documents with Plaintiff's name on them, showing that Plaintiff owed them a debt.

32. Plaintiff believes Defendant's actions were willful because Defendant knew or should that they had a lawful duty to provide Plaintiff with an opportunity to cure an alleged debt that she purportedly owed before reporting Plaintiff's name to a credit repository.

33. Plaintiff believes the actions of Defendant reporting Plaintiff's name to a credit repository was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy because Defendant knew or should have known that they had not provide Plaintiff with any such notices or disclosures, *id.*

34. Pursuant to the FCRA 15 U.S.C. 1681n, Plaintiff is entitled to damages for Defendant's violations of 15 U.S.C. § 1681m and of Defendant's conduct.

35. Plaintiff requests leave to amend should the Court find any deficiencies in Plaintiff's complaint, to be to correct such deficiencies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for damages against Defendant :

1. Statutory damages of $2,000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n;

2. Actual damages from Defendant for the all damages including humiliation and anger suffered as a result of the intentional, reckless, and/or negligent FCRA violations in an amount to be determined at trial for the Plaintiff; and

3. Such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all triable issues as a matter of law.

Dated: September 19, 2013

Respectfully submitted,

*Anita Goforth*

Anita Goforth
1709 Carmenet Lane
Charlotte, NC 28214